John O. KOSA, Appellant,

v.

Jimmy HICKS, Appellee.

No. 7824.

United States Court of Appeals Fourth Circuit.

Argued April 8, 1959.

Decided April 20, 1959.

Alva M. Lumpkin, Columbia, S. C. (Roberts, Jennings, Thomas & Lumpkin, Columbia, S. C., on brief), for appellant.

Henry Hammer, Columbia, S. C., and Marshall B. Williams, Orangeburg, S. C. (Henry H. Edens, Columbia, S. C., on brief), for appellee.

Before HAYNSWORTH, Circuit Judge, and BOREMAN and THOMPSON, District Judges.

HAYNSWORTH, Circuit Judge.

The controversy here grows out of an automobile collision which occurred when the plaintiff, Hicks, undertook to make a left turn from a highway into a small, unimproved road and the defendant undertook to pass two vehicles, the loaded truck driven by Hicks being in the lead.

The District Judge, to whom the case was tried without a jury, found, upon several grounds, that the defendant was negligent in the operation of his automobile, and, finding that the plaintiff was free of any negligence which could have contributed as a proximate cause to the collision, he entered judgment in an amount which he felt sufficient to cover damages for the plaintiff's injuries.

■ The defendant contends there was no evidence of his violation of any statute. Certainly, the weight of the evidence is that he was proceeding at approximately fifty-five miles an hour, which is not in excess of the applicable speed limit on the through highway on which he was proceeding, nor is it clear to us that there was any rule of law or traffic regulation which prevented his undertaking to pass the vehicles preceding him at that time and place, so long as he exercised due care in executing the maneuver. The evidence abundantly justifies a finding, however, that the collision occurred under the following circumstances. The plaintiff, driving northward on U. S. Highway 301 in his truck loaded with peaches, began to slow down and signalled with his hand his intention to make a left turn into a small, dirt road. The driver of the automobile immediately behind the truck, observing the signal of intention of the plaintiff, began to slow down also. The defendant, overtaking both vehicles, observed the automobile immediately in front of him, saw that the south bound traffic lane was clear and pulled out abruptly into the south bound traffic lane, whereupon for the first time the truck, which theretofore had been obscured from his vision by the other automobile, came into his view. Thereupon the defendant observed the plaintiff's hand signal, applied his brakes and skidded some eighty feet as the truck was executing its turn. The impact knocked the truck sideways some ten feet. It is apparent that the defendant's failure to earlier see the truck and observe the intention of its driver, as indicated by his hand signal, was due to the obscuring presence of the other automobile, while the fact that the defendant could not recover, or safely avoid the collision, once he did observe the truck and the apparent intention of its driver, was due to the fact that the relative speed of the defendant was much greater than that of the automobile and the truck he was undertaking to pass. It seems apparent to us that it was incumbent upon the defendant, before undertaking to pass, to place himself in a position from which he could observe vehicles and traffic preceding the automobile immediately in front of him. When he undertook to pass at such a high relative speed that he had no opportunity to change his intention after pulling out into the south bound lane, where for the first time he was in a position to see, his conduct abundantly warrants the conclusion that he was

proceeding incautiously and much too rapidly into a potentially dangerous situation, which he could not evaluate until too late to avoid the harm he risked.

█ In this Court the defendant's primary reliance is upon his contention that the plaintiff was guilty of negligence as a matter of law. He refers us to the rule in South Carolina which places a high duty upon the driver of a vehicle undertaking to execute a left turn to make certain that the left turn can be made with safety. " * * * (N)onchalant reliance upon the hand signal alone * * *" is not enough. Anderson v. Davis, 229 S.C. 223, 92 S.E.2d 469, 473. It is the contention of the defendant himself, however, that he could not see the truck until he pulled out into the south bound lane and was close upon the rear of the truck, too late for the defendant to stop and avoid the collision. If the defendant undertook to pass the truck without giving himself an opportunity to observe the truck, it is difficult to see how the driver of the truck could have observed the defendant. This is particularly true when, once the turn of the truck was commenced, a continued observance of the rear view mirror would not disclose the defendant's presence.

█ There was conflicting testimony as to whether or not the defendant sounded his horn when, having first seen the truck and observing the intention of its driver, he undertook, belatedly, to avoid the collision. The District Court found on the conflicting testimony that he did not. If the plaintiff, by carefully looking, could not have seen the defendant until he was irrevocably committed to his turn, there being no audible, or other warning, the circumstances justify the conclusion of the finder of fact that the plaintiff was acting with due care. The requirement that one undertaking to make a left turn shall not only signal his intention, but shall carefully observe both oncoming and following traffic "to make

sure that [the] left turn [can] be safely made"[1] is salutary, but it does not suggest that such a driver must see what, in the exercise of the required degree of care, he could not have observed. That the plaintiff could not see the defendant's automobile, as the defendant could not see the plaintiff's truck, was due to the fact that the defendant's automobile was in a position of concealment until, at very high relative speed, it suddenly pulled out into the lane normally used by vehicles proceeding in the other direction and at a time too late for either party, then observing the presence of the other, to avoid the collision.

We find adequate support in the record for the conclusion of the District Judge.

Affirmed.

1. Anderson v. Davis, supra.